**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **FAST PRO BAGS AND TEXTILES, INC.,** | ) | |
| **a Texas corporation,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Case No.      4:26-cv-00947** |
| **vs.** | ) | |
| | ) | |
| **UNITED BAGS, INC., a Missouri corporation,** | ) | |
| **and U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| **a national banking association,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND SPECIFIC PERFORMANCE**

COMES NOW Plaintiff Fast Pro Bags and Textiles, Inc., by and through their counsel, and for its Complaint against Defendants United Bags, Inc. ("United Bags") and U.S. Bank National Association, state as follows:

PARTIES

1.      Plaintiff Fast Pro Bags and Textiles, Inc., formally known as Bag Corp., is a Texas corporation authorized to conduct business in the State of Missouri.

2.      Defendant United Bags, Inc. is a Missouri corporation that may be served through its registered agent, Todd Greenberg, at 1355 N. Warson Rd., Saint Louis, MO 63132.

3.      Defendant U.S. Bank National Association is a national banking association doing business in Missouri and serving as Escrow Agent pursuant to the Escrow Agreement described herein. U.S. Bank may be served through its registered agent, Brian J. Kabbes and/or Laura Stabley at 505 N. 7th Street, 10th Floor, Mail Code: SL-MO-T10S, St. Louis, Missouri 63101.

4.     Defendant U.S. Bank National Association is headquartered and operates its principal place of business in Minneapolis, Minnesota, at 800 Nicollet Mall, Minneapolis, MN 55402.

## JURISDICTION AND VENUE

5.     This action seeks declaratory and equitable relief concerning an Escrow Agreement executed in connection with an Asset Purchase Agreement ("APA") between Plaintiff and United Bags.

6.     The Escrow Agreement provides that it shall be interpreted in accordance with the internal laws of the State of Delaware, without giving effect to conflict-of-laws principles. (Escrow Agreement §18).

7.     The Escrow Agreement further provides that the parties consent to the exclusive jurisdiction and venue of the state and federal courts located in Missouri. (Escrow Agreement §18).

8.     Defendants have expressly waived any objection to personal jurisdiction or venue in Missouri. (Escrow Agreement §18).

9.     Venue is therefore proper in this Court.

10.    Diversity jurisdiction exists pursuant to FRCP  28 U.S.C. § 1332(a)(2) in that all parties are incorporated and/or operate their principal place of business in different states, and because the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS

11.    Plaintiff and United Bags entered into an Asset Purchase Agreement ("APA") on February 21, 2025, pursuant to which Plaintiff agreed to sell certain distribution assets to United Bags.

2

12. Specifically, this APA was entered into by and among Fast Pro Bags and Textiles, Inc. (f.k.a. BAG Corp.), United Bags, Super Sack Corporation, a Delaware corporation (in its capacity as shareholder of Fast Pro) and Fast Pro President Jodi Williamson Simons, with an effective closing date of February 21, 2025.

13. In connection with the APA, Plaintiff, United Bags, and U.S. Bank entered into an Escrow Agreement, also dated February 21, 2025.

14. Pursuant to the Escrow Agreement, United Bags deposited One Million Five Hundred Thousand Dollars ($1,500,000.00) into an escrow account maintained by U.S. Bank. (Escrow Agreement §3).

15. The Escrow Agreement established procedures governing the disposition of the escrow funds upon the occurrence of specified events and deadlines.

16. Per the Escrow Agreement, a "Final Order" is defined as final and nonappealable order of a court of competent jurisdiction which Order is delivered to Escrow Agent accompanied by a written instruction from Purchaser or Seller given to effectuate such Order and confirming that such Order is final, nonappealable and issued by a court of competent jurisdiction, and Escrow Agent shall be entitled to conclusively rely upon any such confirmation and instruction and shall have no responsibility to review the Order to which such confirmation and instruction refers. (Escrow Agreement §1).

17. Per the Escrow Agreement, the "Escrow Period" is defined as "the period commencing on the date hereof and ending on the first anniversary of the date hereof, or if such date is not a Business Day, the first Business Day following the anniversary of the date hereof unless earlier terminated pursuant to this Agreement." (Escrow Agreement §1)..

18.    The first anniversary of the date of the Escrow Agreement fell on a non-Business Day Saturday, February 21, 2026; As such, the first Business Day following the anniversary of the date of the Escrow Agreement fell on Monday, February 23, 2026. Hence, the Escrow Period ended on February 23, 2026.

19.    Thereafter, disputes arose between Plaintiff and United Bags concerning the proposed transaction wherein United Bags asserted that Plaintiff breached the APA.

20.    Following the dispute, United Bags attempted to seek the return of the escrow funds held by U.S. Bank through an "Escrow Claim Notice" letter to U.S. Bank dated February 26, 2026; This letter was dated three (3) days after the end of the Escrow Period. **See United Bags' Escrow Claim Notice Letter to U.S. Bank, attached hereto as Exhibit A.**

21.    Plaintiff responded to this letter in less than thirty days— within the time permitted by the Escrow Agreement— to dispute United Bags' "Escrow Claim Notice" in a letter titled "Dispute of Claim Notice." **See Plaintiff's Dispute of Claim Notice Letter to U.S. Bank, attached hereto as Exhibit B.**

22.    United Bags failed to comply with the timing and notice requirements set forth in paragraph 6(a) in the Escrow Agreement which established the procedure for resolving claims for indemnity. **See Exhibit B.**

23.    Specifically, United Bags' demand for release of the escrow funds was not submitted within the time period required by the Escrow Agreement, as United Bags' "Escrow Claim Notice" fell outside of the Escrow Period which ended three days prior, on February 23, 2026.

24.    Thus, United Bags' demand was submitted after the contractual deadline established by the Escrow Agreement.

4

25.    United Bags' failure to comply with the Escrow Agreement's notice requirements constitutes a waiver of any right to the escrow funds and requires disbursement of those funds to Plaintiff.

26.    U.S. Bank currently possesses and controls the escrow funds but has not disbursed those funds to Plaintiff.

27.    Plaintiff has a claim of right to the escrow funds currently held by U.S. Bank.

28.    United Bags has an interest in contesting Plaintiff's claim to the escrow funds, despite their failure to comply with the timing and notice requirements of the Escrow Agreement.

29.    Plaintiff's interest in the escrow funds is real and adverse, in direct conflict with the interests of United Bags.

30.    An actual and justiciable controversy therefore exists among the parties regarding ownership and disposition of the escrow funds.

<u>COUNT I – DECLARATORY JUDGMENT</u>
<u>(Against All Defendants)</u>

31.    Plaintiff incorporates by reference, Paragraphs 1 through 30 as though fully set forth herein.

32.    A present, real, substantial, and justiciable controversy exists concerning the parties' respective rights and obligations under the Escrow Agreement.

33.    The Escrow Agreement required United Bags to provide notice and/or make a claim to the escrow funds within a specified contractual period, or "Escrow Period".

34.    United Bags failed to comply with those contractual requirements.

35.    Under the Escrow Agreement and applicable Delaware law, United Bags' untimely notice bars its claim to the escrow funds.

36.    The Escrow Agreement requires U.S. Bank to disburse the escrow funds to Plaintiff.

37.     U.S. Bank is a necessary party because it possesses the escrow funds and its obligations are directly affected by the Court's determination.

38.     A judicial declaration is necessary to resolve the parties' dispute and determine their rights under the Escrow Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, declaring:

   a.   that United Bags failed to comply with the notice and timing requirements of the Escrow Agreement;

   b.   that United Bags has no right, title, or interest in the escrow funds;

   c.   that Plaintiff is entitled to the escrow funds held by U.S. Bank;

   d.   that U.S. Bank is obligated to release the escrow funds to Plaintiff pursuant to the Escrow Agreement and "Final Order" of the Court;

   e.   awarding costs and such other relief as the Court deems just and proper; and

   f.   that such Order from the Court constitutes a "Final Order" as defined by the Escrow Agreement.

COUNT II – SPECIFIC PERFORMANCE
(Against U.S. Bank)

39.     Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

40.     The Escrow Agreement imposes contractual obligations concerning the release and disbursement of the escrow funds.

41.     Plaintiff has performed, or stands ready and willing to perform, all obligations required of it under the Escrow Agreement.

42.     The escrow funds are specifically identifiable property presently held by U.S. Bank.

6

43.    Plaintiff has no adequate remedy at law because the subject of this action is a specific escrow account containing specifically identifiable funds.

44.    Unless ordered by this Court in a "Final Order", U.S. Bank will not disburse the escrow funds to Plaintiff.

45.    Equity therefore requires specific performance of the Escrow Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

  a.   directing U.S. Bank to immediately release and disburse the escrow funds, together with any accrued interest, to Plaintiff;

  b.   awarding Plaintiff its costs incurred herein;

  c.   granting such other and further relief as the Court deems just and proper; and

  d.   that such Order from the Court constitutes a "Final Order" as defined by the Escrow Agreement.

COUNT III - PERMANENT INJUNCTION
(Alternative Relief)

46.    Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

47.    Plaintiff has a protectable interest in the escrow funds.

48.    Plaintiff will suffer irreparable harm if the escrow funds are released to United Bags contrary to the terms of the Escrow Agreement.

49.    The balance of equities favors entry of injunctive relief.

50.    No adequate remedy at law exists.

WHEREFORE, and in the alternative, Plaintiff requests that the Court permanently enjoin U.S. Bank from releasing the escrow funds to United Bags and direct that such funds be disbursed only in accordance with the Court's judgment.

7

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Declaring the parties' rights under the Escrow Agreement;

b. Declaring Plaintiff entitled to the escrow funds;

c. Ordering U.S. Bank to release the escrow funds to Plaintiff;

d. Granting permanent injunctive relief as necessary;

e. Awarding costs, interest, attorneys' fees to the extent permitted by contract or law;

f. Granting such other and further relief as the Court deems just and proper; and

g. That such Order from the Court constitutes a "Final Order" as defined by the Escrow Agreement.

Respectfully Submitted,

*/s/ John E. Bordeau*

John E. Bordeau,            MO#   48482
Katherine G. Mediavilla,     MO#   76416
SANDERS WARREN & RUSSELL LLP
11225 College Blvd., Suite 450
Overland Park, KS  66210
Tel:    913-234-6100
Fax:    913-234-6199
j.bordeau@swrllp.com
k.mediavilla@swrllp.com
**ATTORNEYS FOR PLAINTIFF**

8